UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT L. HARRINGTON,            )
                                 )
            Plaintiff,           )   Case No. 1:05-cv-688
                                 )
v.                               )   Honorable Wendell A. Miles
                                 )
ANN SMOLINSKI et al.,            )
                                 )
            Defendants.          )
_____)

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

**Discussion**

I.     Factual allegations

Plaintiff is presently incarcerated at the Bellamy Creek Correctional Facility. In his *pro se* complaint, he sues Ann Smolinski, Classification Director of Bellamy Creek Correctional Facility, and Cathy Stoddard, Deputy Warden of Bellamy Creek Correctional Facility in their official capacities.

Plaintiff first alleges that he was wrongfully terminated from his kitchen work assignment in February 2005, and reclassified in violation of his rights under the Due Process Clause and MICH. DEP'T OF CORR., Policy Directive 05.01.100, ¶¶ (II)(I), (J) and (L) (effective 1/01/01). Plaintiff received good work evaluations, reported to work on time, cooperated with other staff while on assignment, worked on days off, did not obtain any major misconduct reports, and never violated any rules or disobeyed instructions. In Plaintiff's Michigan Department of Corrections (MDOC) Prisoner Program and Work Assignment Evaluation, however, M. Barrett recommended terminating Plaintiff because he allegedly refused to follow prison rules and cooperate with his supervisors. Plaintiff received an "average score" of thirty points on the evaluation. On February 17, 2005, Resident Unit Manager (RUM) Eldon Hosey agreed with M. Barrett's recommendation to terminate Plaintiff. Defendant Smolinski also subsequently approved the request. Plaintiff alleges that his termination stems from his refusal to act as a snitch for RUM Hosey on certain prisoners who stole food and beverage from the kitchen.

Second, Plaintiff claims that prison staff retaliated and conspired against him because he refused to act as a snitch on prisoners involved in the stolen food and beverage incident. Plaintiff alleges that staff retaliated against him by wrongfully terminating him from the kitchen assignment, denying him a Michigan State Industries (MSI) work assignment, and refusing to reclassify him to another work assignment for five months in accordance with Policy Directive 05.01.100, ¶ (II)(J)(5). Plaintiff also argues that prison staff conspired to destroy Plaintiff's Step III grievance appeals for his grievances[1] in violation of his rights under the First Amendment and the Fourteenth Amendment.

---

[1] Plaintiff amended his complaint, however, on October 21, 2005 to add both of the Step III grievance responses for Grievance Nos. IBC-05-06-2112-2A and IBC-05-05-2038-13D (docket #6).

Finally, Plaintiff believes that RUM Hosey fabricated M. Barrett's name on the evaluation because Plaintiff's actual supervisor, Steward Ron Wright, would not go along with the conspiracy. Plaintiff has yet to find anyone in the prison who knows of M. Barrett.

Third, Plaintiff complains of being wrongfully denied an MSI work assignment. On March 28, 2005, Plaintiff requested to be placed in a MSI work assignment, which is a special security assignment. Defendant Smolinski, however, denied the request because Plaintiff had a major misconduct within the past six months. On May 1, 2005, Plaintiff became free of major misconducts for the past six months. Because (1) Plaintiff needed to demonstrate "good work in Level II"; (2) Plaintiff refused to cooperate in naming those involved in the stolen food and beverage incident; and (3) Plaintiff received a security level increase to Level IV due to an assault misconduct,[2] Defendant Stoddard still denied Plaintiff's request for an MSI assignment. Plaintiff argues that he meets all of the screening criteria created by the MSI administrator for an MSI assignment and has not been convicted of an assault "on staff" within the past five years. Further, Plaintiff states that the MSI administrator previously approved Plaintiff for an MSI assignment from February 2003 to April 2004.

For relief, Plaintiff requests this Court to modify his work evaluation and award compensatory and punitive damages for lost wages.

---

[2]Policy Directive 05.01.100, ¶ (II)(R) requires prison staff not to place a prisoner in a special security assignment when the prisoner has been convicted of "an offense, or found guilty of a misconduct, involving serious assaultive behavior toward staff, including a sexual assault, which involved injury . . . within the preceding five years . . . ."

## II. Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[3] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the

---

[3]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff used the form complaint in this action.

defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claims are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Plaintiff filed two grievances concerning the claims asserted in his complaint. First, Plaintiff argues that the Classification Director wrongfully terminated him from his kitchen assignment in Grievance No. IBC-05-06-2112-2A. Although Plaintiff did not mention Defendant Smolinski by name, he sufficiently identified her by the title of "Classification Director." Plaintiff appealed this grievance to Step III. Accordingly, Plaintiff exhausted his due process claim against Defendant Smolinski arising from the termination of his employment.

Second, Plaintiff filed a grievance claiming that Defendants Stoddard and Smolinski refused his requests for assignment into the MSI work pool. *See* Grievance No. IBC-05-05-2038-13D. Plaintiff also appealed this grievance to Step III. Plaintiff, therefore, exhausted his claim regarding the denial of an MSI work assignment against Defendants.

While Plaintiff exhausted his claims for the wrongful termination of his kitchen assignment and for the wrongful denial of an MSI assignment through the three-step grievance process, he did not satisfy the exhaustion requirement as to all of his claims, mainly his retaliation and conspiracy claims. Plaintiff failed to file any grievance for his retaliation and conspiracy claims. *See Vandiver*, 2002 WL 31166925, at *2 ("[t]he exhaustion requirement would be defeated if an inmate were permitted to raise additional issues and name additional defendants in a § 1983 action that were never mentioned in the grievance."). Because Plaintiff's complaint contains both

exhausted and unexhausted claims, his complaint must be dismissed for lack of total exhaustion. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Dated: <u>March 6, 2006</u>                                    /s/ Wendell A. Miles
                                                              Wendell A. Miles
                                                              Senior U.S. District Judge